**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracee Croomes, | No. CV-24-03447-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| IntouchCX, | |
| Defendant. | |

       This Order addresses the three motions pending in this case.

       1.     The Court first addresses the Motion to Remand (Doc. 18), as it presents a jurisdictional issue. This case was removed from Arizona Superior Court. Plaintiff moves to remand arguing that diversity jurisdiction does not exist because Defendant is an Arizona resident. Defendant argues that the basis for removal and federal court jurisdiction is not diversity but federal question jurisdiction under 28 U.S.C. § 1331. Defendant is correct. Federal question jurisdiction exists because Plaintiff's complaint alleges several claims under the federal civil rights laws. The Motion to Remand will be denied.

       2.     Second, the Court addresses Defendant's Motion to Strike. (Doc. 15.) Plaintiff filed two amended complaints while her case was pending in state court. Defendant consented to the First Amended Complaint but not to the Second Amended Complaint. Defendant now moves to strike the Second Amended Complaint as unpermitted under Federal Rule of Civil Procedure 15(a). The crux of Defendant's argument is that Plaintiff forfeited her right to amend as a matter of course under Rule 15(a)(1) since she

already amended with the opposing party's written consent under Rule 15(a)(2). Plaintiff did not respond to this motion.

Rule 15(a)(1) provides that a party may amend its pleading once as a matter of course, either within "21 days after serving it;" or "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . ., whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A) & (B). The rule further provides, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id*. 15(a)(2).

Defendant misconstrues the sequencing permitted under Rule 15(a). In *Ramirez v. County of San Bernardino*, the Ninth Circuit held that the alternative means for amending a pleading are not chronological. 806 F.3d 1002, 1007 (9th Cir. 2015) The defendant consented to the plaintiff's first amended complaint. Within 21 days of defendant filing its motion to dismiss, plaintiff filed a second amended complaint. The district court granted the motion to dismiss the first amended complaint, ignoring the second. Reversing, the Ninth Circuit found this in conflict with the unambiguous text of Rule 15. "The [p]laintiff's 15(a)(2) amendment, filed first in time, cannot be construed as a waiver or exhaustion of his automatic right to amend under 15(a)(1), so long as that amendment was timely." *Id*. at 1008.

Defendant's argument here is identical to that which was rejected in *Ramirez*. Plaintiff, despite the Parties' agreement to file the First Amended Complaint, had the right to file a timely second amended complaint. According to the Notice of Removal, the First Amended Complaint was served on Defendant on November 6, 2024. Nine days later, on November 15, 2024—before Defendant filed a responsive pleading or a Rule 12(b) motion—Plaintiff filed her Second Amended Complaint. Pleading amendments made in state court prior to removal count under Rule 15. *Daulatzai v. Maryland*, 338 F.R.D. 587, 589 (D. Md. 2021).

Not long thereafter, Defendant timely removed to this Court.

The Court finds that Plaintiff validly and timely exercised her right to amend as a

1 matter of course under Federal Rule of Civil Procedure 15(a)(1). The Court further finds
2 that the Second Amended Complaint is the operative complaint. The Motion to Strike will
3 be denied.

4       3.      The Court now turns to the Motion to Dismiss the First Amended Complaint.
5 (Doc. 6.) *Ramirez* addresses a situation where a defendant moves to dismiss a complaint
6 rendered inoperative by virtue of a later successful amendment. "Plaintiff's Second
7 Amended Complaint superseded the First Amended Complaint, and the First Amended
8 Complaint ceased to exist." *Ramirez*, 806 F.3d at 1008. The court reasoned, "[b]ecause the
9 [d]efendants' motion to dismiss targeted the [p]laintiff's First Amended Complaint, which
10 was no longer in effect, we conclude that the motion to dismiss should have been deemed
11 moot before the district court granted it." *Id*. The same result applies here, and so the Court
12 will deny the Motion to Dismiss as moot.

13       **IT IS THEREFORE ORDERED**:
14       1.      The Motion to Remand (Doc. 18) is **denied**.
15       2.      The Motion to Strike (Doc. 15) is **denied**.
16       3.      The Motion to Dismiss (Doc. 6) is **denied as moot**.

17       **IT IS FURTHER ORDERED** that the Second Amended Complaint, filed in
18 Arizona Superior Court and included as Exhibit 18 of the Notice of Removal (Doc. 1) is
19 deemed the operative complaint.

20       **IT IS FURTHER ORDERED** that Defendant must answer or otherwise respond
21 by motion to the Second Amended Complaint no later than April 11, 2025.
22 .
23 .
24 .
25 .
26 .
27 .
28 .

1  **IT IS FINALLY ORDERED** denying Defendant's request for oral argument
2 because the Court finds that the oral argument would not have significantly aided
3 determination of the issues presented.
4  Dated this 28th day of March, 2025.

Michael T. Liburdi
United States District Judge