**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracee Croomes,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IntouchCX,<br><br>　　　　Defendant. | No. CV-24-03447-PHX-MTL<br><br>**ORDER** |

Pending before the Court is Defendant IntouchCX's Motion to Dismiss, filed April 11, 2025. (Doc. 24.) This Court has ordered Plaintiff Tracee Croomes to respond to the motion twice (Docs. 26, 28.) To date, no response has been filed. The Court now rules.

**I.**

On August 1, 2024, Plaintiff filed her complaint in the Arizona Superior Court in Maricopa County, alleging discrimination and retaliation under state law. (Doc. 1-1 at 36-47.) Plaintiff then amended her pleading on September 30, 2025 (*Id.* at 62-87), and again on November 15, 2024, raising claims under federal law (*Id.* at 95-120). Defendant removed to this Court (Doc. 1), and the Court denied Plaintiff's motion to remand and Defendant's motion to strike and denied as moot Defendant's first motion to dismiss (Doc. 23).

Defendant's renewed motion to dismiss followed. (Doc. 24.) Because no response was filed for over one month, the Court ordered Plaintiff to respond or risk summary adjudication of the motion. (Doc. 26.) Plaintiff then filed a motion for reconsideration,

which the Court denied as untimely. (Doc. 28.) The Court reiterated that Plaintiff must respond to the substance of Defendant's motion on or before June 11, 2025; otherwise, the Court would deem Plaintiff's non-response as consent to the motion being granted. (*Id.*) No response has been received.

## II.

Local Rule of Civil Procedure 7.2(i) provides in pertinent part:

> [I]f the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

And "[a] plaintiff's improper or invalid response to a motion to dismiss can be grounds for granting the motion to dismiss." *Garcia v. Glendale Police Dep't*, No. CV 11-02260-PHX-JAT, 2014 WL 922909, at *2 (D. Ariz. Mar. 10, 2014) (citation omitted).

When a party fails to comply with a court order or local rule, the Court has inherent authority under Rule 41(b) to dismiss the action. *Link v. Wabash Ry.*, 370 U.S. 626, 629 (1962). The Court must weigh the following factors before dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citation omitted). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus[,] the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

## III.

The first and second factors favor dismissal. Plaintiff filed her first complaint on August 1, 2024—nearly eleven months ago. (Doc. 1.) And this case has yet to leave the pleading stage. Moreover, the Court has ordered Plaintiff to respond to the merits of Defendant's motion for the last several weeks, to no avail. (Docs. 26, 28.) The public's

interest in expeditious resolution of litigation and the Court's need to manage its docket counsel in favor of dismissal. *See Woods v. City of Scottsdale*, No. CV 11-02488-PHX-JAT, 2013 WL 5446528, at *2 (D. Ariz. Sept. 30, 2013) (finding the first two *Henderson* factors support dismissal when the plaintiff failed to respond even after the Court granted him "considerable latitude" to file late).

The third factor—"the risk of prejudice to the defendants," *Henderson*, 779 F.2d at 1423—also weighs in favor of dismissal. Defendant has already filed successive motions to dismiss Plaintiff's pleadings, and Plaintiff has struggled to file timely responses, despite the Court's consistent reminders. Forcing Defendant to incur unnecessary expenses and defend a lawsuit that Plaintiff has shown little interest in advancing would be prejudicial. *See Hoover v. Swift Transp. Co.*, No. CV-18-03314-PHX-JAT, 2020 WL 2084583, at *2 (D. Ariz. Apr. 30, 2020) (explaining that the third *Henderson* factor supports dismissal if the court were to require the defendant to press on with litigation "in the face of [] uncertain participation from its opponent"), *aff'd*, No. 20-16088, 2021 WL 5276016 (9th Cir. Nov. 12, 2021).

The fourth factor generally weighs against dismissal given the strong policy preference for resolving cases on their merits. A dismissal without prejudice, however, would not offend public policy because Plaintiff could adjudicate the merits of her claims on a later date, if desired. *See Garcia*, 2014 WL 922909, at *2 (recognizing that a dismissal without prejudice means the fourth *Henderson* factor "neither favors nor disfavors dismissal").

And finally, the "availability of other alternatives" factor supports dismissal where the Court gives the plaintiff multiple opportunities to comply with the rules and warns about the consequences of noncompliance, as happened here. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (explaining that the court properly considered less drastic alternatives when it gave the plaintiff an additional thirty days to cure his complaint). Further, dismissing the case without prejudice means a complaint asserting the same claims can be refiled. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06

(2001). This is a less drastic sanction than a dismissal with prejudice, and therefore supports dismissal of this action.

On balance, the five factors tilt heavily in favor of dismissing this action. Therefore, the Court will grant Defendant's motion and dismiss the action without prejudice.

### IV.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 24) is granted and Plaintiff's Second Amended Complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter a judgment of dismissal without prejudice and close this case.

Dated this 25th day of June, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge